O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN H. JOHNSON, PAULA A. JOHNSON, | ) ) ) | Case No. EDCV 15-02609 DDP (JEMx) |
| Plaintiffs, | ) ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | ) ) | |
| JPMORGAN CHASE BANK NA., | ) ) | [Dkt. 13] |
| Defendant. | ) ) | |
| _____ | ) | |

Presently before the court is Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss. Having considered the submissions of the parties, the court grants the motion and adopts the following Order.

**I.   Background**

Plaintiffs Stephen and Paula Johnson ("Plaintiffs") filed an action against Defendant JPMorgan Chase Bank, N.A. ("Defendant") in the San Bernardino County Superior Court in March 2014. (Case No. 5:14-cv-00777-DDP-JEMx, the "First Action"). The case was later removed to this court. In the First Action, Plaintiffs alleged that Defendant did not have standing to initiate foreclosure proceedings against Plaintiffs' property because Defendant did not acquire the

1  right to enforce a deed of trust that was executed as part of

2  Plaintiffs' refinancing of their home in November 2006. (First

3  Action Dkt. No. 1.) Plaintiffs alleged five causes of action: "(1)

4  Quiet Title; (2) Violations of Business and Professions Code

5  section 17200, et seq.; (3) Quasi-Contract; (4) Negligence; and (5)

6  Wrongful Foreclosure. (Id.) Defendant filed a motion to dismiss

7  Plaintiffs' Complaint, which this Court granted. (First Action Dkt.

8  No. 21.) Plaintiffs filed a motion to set aside the judgment, which

9  the Court denied. (First Action Dkt. No. 29.)

10      Plaintiffs then filed a second state court action against

11  Defendant.  (Case No. 5:14-cv-01372-DDP-JEMx, the "Second Action").

12  The case, like its predecessor, was then removed to this Court. In

13  the Second Action, Plaintiffs alleged the same underlying facts as

14  the First Action and brought a claim for Quiet Title. (Second

15  Action Dkt. No. 12.) Defendant filed a motion to dismiss

16  Plaintiffs' First Amended Complaint on res judicata grounds and the

17  court granted the motion.

18      Plaintiffs then filed the instant action in this Court (the

19  "Third Action)" against Defendant, alleging causes of action for

20  violation of the Truth in Lending Act ("TILA"), quiet title, and

21  "cancellation of instrument."  Plaintiffs' First Amended Complaint

22  ("FAC") alleges the same underlying facts as the First and Second

23  Actions, and bring a single claim for declaratory relief pursuant

24  to TILA and based upon a Notice of Rescission allegedly sent to

25  Defendant in July 2015. Defendant now moves to dismiss the FAC.

26  **II.  Legal Standard**

27      A complaint will survive a motion to dismiss when it contains

28  "sufficient factual matter, accepted as true, to state a claim to

1  relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S.
2  662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544,
3  570 (2007)).  When considering a Rule 12(b)(6) motion, a court must
4  "accept as true all allegations of material fact and must construe
5  those facts in the light most favorable to the plaintiff." <u>Resnick</u>
6  <u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
7  need not include "detailed factual allegations," it must offer
8  "more than an unadorned, the-defendant-unlawfully-harmed-me
9  accusation." <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or
10 allegations that are no more than a statement of a legal conclusion
11 "are not entitled to the assumption of truth." <u>Id.</u> at 679.  In
12 other words, a pleading that merely offers "labels and
13 conclusions," a "formulaic recitation of the elements," or "naked
14 assertions" will not be sufficient to state a claim upon which
15 relief can be granted.  <u>Id.</u> at 678 (citations and internal
16 quotation marks omitted).

17     "When there are well-pleaded factual allegations, a court should
18 assume their veracity and then determine whether they plausibly
19 give rise to an entitlement of relief." <u>Id.</u> at 679.  Plaintiffs
20 must allege "plausible grounds to infer" that their claims rise
21 "above the speculative level." <u>Twombly</u>, 550 U.S. at 555.
22 "Determining whether a complaint states a plausible claim for
23 relief" is a "context-specific task that requires the reviewing
24 court to draw on its judicial experience and common sense." <u>Iqbal</u>,
25 556 U.S. at 679.

26 **III. Discussion**

27     Defendant contends that this action, like the Second Action
28 before it, is barred by the doctrine of res judicata.  Res judicata

1   "bars litigation in a subsequent action of any claims that were

2   raised or could have been raised in the prior action." <u>Owens v.</u>

3   <u>Kaiser Foundation Health Plan, Inc.</u> 244 F.3d 708, 713 (9th Cir.

4   2001); <u>W. Radio Servs. Co. v. Glickman</u>, 123 F.3d 1189, 1192 (9th

5   Cir. 1997). It applies when there is "1) [an] identity of claims,

6   2) a final judgment on the merits, and 3) identity or privity

7   between the parties." <u>W. Radio Servs. Co.</u>, 123 F.3d at 1192.

8       A.   Identity of Claims

9       The Ninth Circuit relies on four factors to determine if there

10  is an identity of claims. The factors are

11      (1) whether rights or interests established in the prior
        judgment would be destroyed or impaired by prosecution of
12      the second action; (2) whether substantially the same
        evidence is presented in the two actions; (3) whether the
13      two suits involve infringement of the same right; and (4)
        whether the two suits arise out of the same transactional
14      nucleus of facts.

15  <u>Harris v. Jacobs</u>, 621 F.2d 341, 343 (9th Cir. 1980); <u>Constantini v.</u>

16  <u>Trans World Airlines,</u> 681 F.2d 1199, 1201-02 (9th Cir. 1982).

17      The central issue in determining whether there is an identity

18  of claims is whether the two suits "arise out of the same

19  transactional nucleus of facts." <u>Costantini</u>, 681 F.2d at 1202; <u>see</u>

20  <u>also Frank v. United Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir.

21  2000).  Indeed, satisfaction of the fourth <u>Constantini</u> factor is

22  often sufficient to find an identity of claims for res judicata

23  without analysis of the other factors.  <u>Quinto v. JPMorgan Chase</u>

24  <u>Bank</u>, No. 11-CV-02920, 2011 WL 6002599, at *8 (N.D. Cal. Nov. 30,

25  2011); <u>see Int'l Union of Operating Eng'rs-Employers Constr. Indus.</u>

26  <u>Pension, Welfare and Training Trust Funds v. Karr</u>, 994 F.2d 1426,

27  1430 (9th Cir. 1993).

28

**4**

1    When analyzing this factor, courts ask "whether [the two
2    actions] are related to the same set of facts and whether they
3    could conveniently be tried together." W. Systems, Inc. v. Ulloa,
4    958 F.2d 864, 871 (9th Cir. 1992).  Here, the three actions involve
5    the same nucleus of facts; all three actions allege that Defendant
6    cannot proceed with a foreclosure of the property or enforcement of
7    the underlying debt obligation because Defendant lacks interest in
8    Plaintiffs' loan as the result of errors in the process of
9    assigning the deed of trust and promissory note.  Claims for quiet
10   title and declaratory relief could conveniently be tried together
11   because Plaintiffs' allegations about improper loan assignment
12   would be central to both causes of action.  Even though Plaintiffs
13   now base their declaratory relief action for a TILA violation upon
14   a July 2015 Notice of Rescission, the underlying facts are the same
15   as contained in an earlier, April 2012 Notice of Rescission, which
16   was allegedly sent to Defendant prior to the filing of the Second
17   Action. See Owens, 244 F.3d at 714 (upholding dismissal on res
18   judicata grounds on claims not previously raised where the new
19   claims were based on the same predicate facts).

20   Although the similarity of the nuclei of facts would alone be
21   reason to find an identity of claims, the other three factors also
22   suggest an identity of claims.  First, Defendant's rights and
23   interests as established in the prior litigation could be destroyed
24   or impaired by the prosecution of this action, as Defendant will
25   not be allowed to continue foreclosure proceedings or recover on
26   the debt obligation for the duration of the lawsuit, if ever.

27   Second, the evidence needed to prove Plaintiffs' cause of
28   action for declaratory relief for a TILA violation centers around

the assignment of the original lender's deed of trust to Defendant.
Plaintiffs could use the same evidence to prove that Defendant
lacks the ability to enforce the promissory note or deed of trust
in an action for declaratory relief that would have been needed in
the earlier actions for quiet title based on the same, allegedly
improper assignment.[1]

Third, all three actions involve the alleged wrongful
foreclosure. Plaintiffs' claim the right at issue in the instant
action is not the same as that presented by the earlier actions
because the TILA violation alleged here is based on Defendant's
failure to adequately respond to the July 2015 Notice of Rescission
within the 20 days required by statute.  Plaintiffs, however,
mailed a similar notice in April 2012, and thus, could have brought
the TILA violation for declaratory relief in the Second Action.
(Third Action Dkt. No. 12 at 8:9-17.)  Although Plaintiffs appear
to assert that they sent both notices because they allege that
Defendant has no interest in the promissory note and deed of trust,
which is important for both the quiet title and declaratory relief
claims, Plaintiffs do not explain why both causes of action could
not have been brought at the same time. See United States v.
Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1151 (9th
Cir. 2011) (finding that if the new claim "arose at the same time
as the harm alleged in the previous action, then there is no reason
why the plaintiff could not have brought the claim in the first

---

[1] Such evidence might include, for example, documentssuch as a
Property Securitization Analysis Report that was filed in the
Second Action. (Second Action Dkt. Nos. 12 at 35-44 and 12-1.)

1   action . . . [t]he plaintiff simply could have added a claim to the

2   complaint") (citation omitted).

3       Accordingly, the identity of claims factor of the res judicata

4   test is satisfied.

5       B.   Final Judgment on the Merits

6       There was a final judgment on the merits of both the First and

7   Second Actions.  The First Action was dismissed with prejudice

8   after Plaintiffs failed to oppose Defendant's motion to dismiss.

9   The Federal Rules of Civil Procedure provide that, unless otherwise

10  specified, a dismissal for failure to prosecute or to comply with a

11  court order "operates as an adjudication on the merits." Fed. R.

12  Civ. P. 41(b); see Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th

13  Cir. 2002); Owens, 244 F.3d at 714; In re Schimmels, 127 F.3d 875,

14  884 (9th Cir. 1997)("[I]nvoluntary dismissal generally acts as a

15  judgment on the merits for the purposes of res judicata"); Johnson

16  v. United States Dep't of Treasury, 939 F.2d 820, 825 (9th Cir.

17  1991) (noting that dismissal for failure to prosecute is "treated

18  as an adjudication on the 'merits' for purposes of preclusion")

19  (citation omitted).  Even if the First Action had not been

20  adjudicated on the merits, the Second Action was dismissed based on

21  res judicata grounds after Plaintiffs opposed Defendant's Motion to

22  Dismiss and filed a Motion to Remand, which was denied. (Second

23  Action Dkt. No. 21.)

24      C.   Identity of Parties

25      Lastly, there is no dispute that there is an identity of

26  parties. Plaintiffs and Defendant were parties to both the First

27  and Second Actions.

28

**7**

1    Thus, because there is "1) [an] identity of claims, 2) a final

2    judgment on the merits, and 3) identity or privity between the

3    parties" here and in the prior actions, the doctrine of res

4    judicata applies, and Plaintiffs' FAC must be dismissed.    W. Radio

5    Servs. Co., 123 F.3d at 1192.

6    **IV.  Conclusion**

7    For the reasons stated above, Defendant's Motion to Dismiss is

8    GRANTED.  The FAC is DISMISSED, with prejudice.

9

10

11   IT IS SO ORDERED.

12

13

14   Dated: August 1, 2016

15                                   DEAN D. PREGERSON
                                     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28